IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LA'TOYA WIMBLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION NO: |
| v. | ) _____ |
| | ) |
| FIRST ADVANTAGE | ) JURY TRIAL DEMANDED |
| BACKGROUND SERVICES | ) |
| CORP., | ) |
| | ) |
| Defendant. | |

## COMPLAINT

PLAINTIFF LA'TOYA WIMBLEY files this Complaint and states as follows:

## INTRODUCTION

1. Ms. Wimbley brings this action against Defendant First Advantage Background Services Corp. for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA").

2. Congress passed the FCRA to protect consumers from the harm caused by inaccurate reporting. To this end, the FCRA requires that all consumer reporting agencies (CRAs) that report criminal background information to employers use "reasonable procedures to ensure maximum

possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

3. The FCRA provides special protections when a CRA furnishes "items of information on consumers which are matters of public record and are likely to have an adverse effect upon a consumer's ability to obtain employment." 15 U.S.C. § 1681k. In these situations, CRAs must either: (1) notify the consumer of the release of the public record information at the time the information is furnished to the user; or (2) establish strict procedures to maintain complete and up-to-date public record information.

4. Defendant violated Sections 1681e(b) and 1681k of the FCRA when it published inaccurate, out-of-dated and incomplete public record information about Ms. Wimbley in an employment background report. As a result of Defendant's inclusion of this inaccurate, out-of-dated and incomplete information in a consumer report, Ms. Wimbley was denied employment and suffered emotional distress.

## JURISDICTION AND VENUE

5. This Court has federal question jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

6. Venue is proper in this Court under 28 U.S.C. § 1391(b) as Defendant regularly conducts business in this district and division and a

substantial part of the events giving rise to the claims occurred in this district and division.

7. First Advantage is a Florida corporation with its principal place of business in Atlanta, Georgia.

8. First Advantage has contracted to supply services or things in Georgia. It sells consumer reports in Georgia and produces consumer reports on Georgia residents. First Advantage also gathers and maintains substantial public records data from Georgia.

## PARTIES

9. Ms. Wimbley is a resident of Alabama. She also is a natural person and a "consumer" as protected and governed by the FCRA, 15 U.S.C. § 1681a(c).

10. Defendant furnished the consumer report at issue in this case and, at all relevant times hereto, it was a consumer reporting agency ("CRA") as defined by 15 U.S.C. § 1681a(f).

## FACTUAL ALLEGATIONS

11. In February 2014, Ms. Wimbley began working for Alorica as an Operations Manager.

12. In her role as an Operations Manager, Ms. Wimbley earned approximately $32,000 annually.

13. Ms. Wimbley's role required her to manage eight team managers, each of whom has 16 agents reporting to them.

14. In early August 2017, Ms. Wimbley was arrested during a traffic stop after the discovery of an active warrant for her arrest because of an unpaid ticket from an old moving violation.

15. On or about August 14, 2017, Alorica informed Ms. Wimbley that it would give her 30 days to resolve the matter. It also told her that her employment could continue so long as she no longer had an active warrant.

16. Needing to continue her employment in order to support herself and family, Ms. Wimbley set out to clear up the matter.

17. Because the court had set Ms. Wimbley's court date for the arrest for October 2, 2017 (more than 30 days from August 14, 2017), Ms. Wimbley and Alorica tried to hasten the resolution of the matter to meet Alorica's deadline.

18. Among other things, Alorica wrote a letter to the judge on August 15, 2017 in an attempt to help Ms. Wimbley schedule an earlier court date.

19. In the letter to the judge, Alorica explained to the court that "[t]he Policy of the company is to suspend any employee who is arrested and

allow 30 days for the employee to clear up any legal issues they may be facing."

20.   Ms. Wimbley and Alorica's requests were successful, as the court held a hearing on Ms. Wimbley's matter on August 21, 2017 and resolved the matter on that date.

21.   As of that date, Ms. Wimbley no longer had any active warrants.

22.   Ms. Wimbley believed that the matter had been cleared up at that time.

23.   To confirm that the matter had been cleared up, Alorica ordered a consumer report on Ms. Wimbley from Defendant on or about August 21, 2017.

24.   On or about August 23, 2017, Defendant furnished a consumer report on Ms. Wimbley to Alorica.

25.   On or about August 23, 2017, an Alorica representative called Ms. Wimbley and told her that the company received the consumer report and it said she was ineligible for employment.

26.   Ms. Wimbley knew that Defendant had furnished the consumer report to Alorica, so she called Defendant that same day to find out why she was ineligible.

27. During the call, Ms. Wimbley learned that Defendant had reported to Alorica that she still had the active warrants.

28. According to Defendant, as of August 23, 2017 (the date Defendant furnished the consumer report to Alorica), Ms. Wimbley had two active warrants for "FAILURE TO APPEAR" based on "DRIVE WHILE SUSPENDED" charges with a case dates of September 4, 2014 and December 1, 2016 in Mobile, Alabama.

29. As of August 23, 2017, this information was inaccurate, not up to date and incomplete.

30. That same day, Ms. Wimbley disputed the information with Defendant on the telephone.

31. In an attempt to expedite the dispute process and return to work within Alorica's deadline, on August 27, 2017, Ms. Wimbley sent to Defendant court records showing that she did not have an active warrant.

32. On or about September 13, 2017, an Alorica human resources representative informed Ms. Wimbley that the company's computer system showed that her termination had been submitted on September 1, 2017.

33. Confused because she thought she had cleared up the matter, Ms. Wimbley contacted her supervisor later that day on September 13, 2017.

34. Ms. Wimbley's supervisor confirmed that Ms. Wimbley had lost her job. He told her that "[w]hen you signed off on your background check and it came back as ineligible you were termination [sic]. Now that it is clear you will have to re apply . . . you need to reapply as you are no longer an employee."

35. Shortly thereafter, Alorica provided Ms. Wimbley with a Separation/Termination Form." The form, dated 9/1/17, stated that Alorica terminated Ms. Wimbley's employment because she was "Unable to meet the Alorica background requirement as of 8/23/17."

36. Of course, on August 23, 2017, Defendant had provided Alorica with the inaccurate, out-of-date and incomplete consumer report, and it was this information on which Alorica based its decision.

## FIRST CLAIM FOR RELIEF

### (15 U.S.C. § 1681e(b))

37. Plaintiff realleges Paragraph Nos. 1-36 as if fully set forth herein.

38. Defendant violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer report furnished regarding Plaintiff.

39. Defendant knew or should have known about its obligations under the FCRA. These obligations are well established in the plain language of the FCRA, in the promulgations of the Federal Trade Commission, and in well-established case law.

40. Defendant obtained or had available substantial written materials that apprised it of its duties under the FCRA.

41. Despite knowing of these legal obligations, Defendant acted consciously in breaching its known duties and deprived Plaintiff of her rights under the FCRA.

42. Defendant's violations of the FCRA were willful, rendering it liable pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

43. As a result of this conduct by Defendant, Plaintiff suffered actual damages including without limitation, by example only and as described herein on her behalf by counsel: lost employment opportunity, damage to reputation, invasion of privacy, interference with normal activities, embarrassment, humiliation and other emotional and mental distress.

## SECOND CLAIM FOR RELIEF

### (15 U.S.C. § 1681k)

44. Plaintiff realleges Paragraph Nos. 1-36 as if fully set forth herein.

45. Section 1681k of the FCRA requires that when a consumer reporting agency supplies public record information to a user for employment purposes, and such information is likely to have an adverse effect on employment, the CRA must:

> (1) at the time such public record information is reported to the user of such consumer report, notify the consumer of the fact that public record information is being reported by the consumer reporting agency, together with the name and address of the person to whom such information is being reported; or

> (2) maintain strict procedures designed to insure that whenever public record information which is likely to have an adverse effect on a consumer's ability to obtain employment is reported it is complete and up to date.

46. Defendant violated 15 U.S.C. § 1681k by failing to notify Plaintiff that it was reporting public record information about her at the time it furnished such information to her employer, and failing to maintain strict procedures to ensure that the public record information it was reporting was complete and up to date.

47. Defendant knew or should have known about its obligations under the FCRA. These obligations are well established in the plain

language of the FCRA, in the promulgations of the Federal Trade Commission, and in well-established case law.

48. Defendant obtained or had available substantial written materials that apprised it of its duties under the FCRA.

49. Despite knowing of these legal obligations, Defendant acted consciously in breaching its known duties and deprived Plaintiff of her rights under the FCRA.

50. Defendant's violation of 15 U.S.C. § 1681k was willful, rendering Defendant liable pursuant to 15 U.S.C. § 1681n. In the alternative, Defendant was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

51. As a result of this conduct by Defendant, Plaintiff suffered actual damages including without limitation, by example only and as described herein on her behalf by counsel: loss of employment, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

    a.    Judgment for Plaintiff against Defendant for actual and/or statutory damages, punitive damages, costs, and

        reasonable attorneys' fees as provided by 15 U.S.C. § 1681n and 15 U.S.C. § 1681o.

  b.    Such other and further relief against Defendant as may be just and proper, including but not limited to any equitable relief that may be permitted.

## DEMAND FOR JURY TRIAL

**PLAINTIFF hereby demands a jury trial on all claims for which she has a right to a jury.**

DATED: October 10, 2017

                By: /s/ Andrew L. Weiner
                     Andrew L. Weiner
                     Georgia Bar No. 808278
                     Jeffrey B. Sand
                     Georgia Bar No. 181568
                     THE WEINER LAW FIRM LLC
                     3525 Piedmont Road
                     7 Piedmont Center, 3rd Floor
                     Atlanta, Georgia 30305
                     (404) 205-5029 (Tel.)
                     (404) 254-0842 (Tel.)
                     (866) 800-1482 (Fax)
                     aw@atlantaemployeelawyer.com
                     js@atlantaemployeelawyer.com

                     COUNSEL FOR PLAINTIFF